IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER AGUILAR, #08857-028, Petitioner, | § | |
| V. | § | No. 3:26-cv-375-B |
| DIRECTOR, VOLUNTEERS OF AMERICA, ET AL., Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Christopher Aguilar submitted a pro se filing under 28 U.S.C. § 2241. See Dkt. No. 3. The magistrate judge entered a notice of deficiency and order requiring Aguilar to file his petition on the appropriate form by March 27, 2026 and attaching the form required by this Court's rules (the "NOD"). *See* Dkt. No. 4; *see also* N.D. Tex. Loc. Civ. R. 5.4 ("A prisoner application, motion, or petition filed under 28 U.S.C. § 2241, § 2254, or § 2255 must be filed in accordance with the current miscellaneous order establishing procedures for such applications, motions, or petitions."); N.D. Tex. Misc. Order No. 13 (Oct. 14, 2010) (establishing required form for Section 2241 petitions filed in this Court).

On May 13, 2026, more than one month after the deadline to file, Aguilar had not filed an amended petition on the correct form as required by the NOD or otherwise contacted the Court, so the magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court dismiss the complaint without prejudice under Federal Rule of Civil Procedure 41(b) (the "FCR"). *See* Dkt. No. 5. Aguilar filed objections, stating among other things that he was not required to follow the magistrate judge's order in the NOD. *See* Dkt. No. 6. He still did not file an amended

petition on the correct form for this district. Afterreviewing the pleadings, FCR, and objections, the Court accepted the FCR and entered judgment on May 28, 2026. *See* Dkt. Nos. 7, 8.

On June 16, 2026, Aguilar filed a motion purporting to be a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). *See* Dkt. No. 9. Aguilar asserted in his motion that the Court failed to review the portions of the FCR to which he had objected *de novo* and that extraordinary circumstances warranted relief due to his transition to supervised release. *See id.* at 2-4.

Because Aguilar's motion was filed within 28 days of the judgment, the Court will treat it as though it was filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (A motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." (citation omitted)); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see*

FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Aguilar's assertions as to extraordinary circumstances do not relate to any purported manifest errors of law or fact or newly discovered evidence. Therefore, Aguilar's sole argument as to why this Court should alter or amend its judgment is his contention that the wrong standard was applied in reviewing his objections to the FCR, but the Court's order accepting the FCR stated, "The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error." Dkt. No. 7.

Because the correct standard was applied, the Court DENIES Aguilar's motion for post-judgment relief, which it construes as a motion filed under Federal Rule of Civil Procedure 59(e) [Dkt. No. 9], and solely for statistical purposes, DIRECTS the Clerk of Court to REOPEN and CLOSE this case.

And, because a certificate of appealability ("COA") "is required to appeal the denial of a Rule

59(e) motion in a habeas case." *Mitchell v. Davis*, 669 F. App'x 284, 284 (5th Cir. 2016) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007))), the Court has considered the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a COA. As set forth in this order, Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

But, if Petitioner does file a notice of appeal, he must either pay the appellate filing fee or move for leave to proceed *in forma pauperis* on appeal.

SO ORDERED this 19th day of October, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.